# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| John Abney,<br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | Civil Action No. 1:19-cv-02751-JMC<br><br>**ORDER AND OPINION** |

The matter before the court is review of Plaintiff John Abney ("Abney") Motion for Leave to Proceed *in forma pauperis* (ECF No. 3). Abney is a retiree and has commenced this action pursuant to 42 U.S.C. § 405(g) requesting review of the Commissioner of Social Security's decision denying his application for disability benefits. The Magistrate Judge, after reviewing Abney's submissions, recommended that the court deny Abney's Motion. (ECF No. 5.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 5) and **DENIES** Abney's Motion to Proceed *in forma pauperis* (ECF No. 3).

    **I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without full recitation. As brief background, Abney filed an Application to Proceed in District Court without Prepaying Fees or Costs (Form AO-240). (ECF No. 3.) Abney then filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 3.) In his Motion and on his application, Abney claimed an income of $6,025.30 per month, $2000 in checking and savings accounts, ownership of three automobiles, and a house. (*Id.* at 1-2.) Abney also lists debts totaling in excess of $16,000.00. (*Id.* at 2.)

1

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985). Thus, the court may accept, reject, modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were advised of their right to file specific objections to the Report within fourteen (14) days of the date of service. (ECF No. 5 at 6.) Objections to the Report were due October 11, 2019. If a party was served by mail or otherwise if allowed under Fed. R. Civ. P. 6,

objections were due October 14, 2019. Neither party filed objections to the Report. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. Nonetheless, a litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337–44 (1948). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Here, the court agrees with the Report and finds that, based on Abney's current financial situation, the $400 filing fee would not unduly burden him.

## IV. CONCLUSION

After a thorough review of the Report, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 5) and **DENIES** Abney's application to proceed *in forma pauperis* (ECF No. 3).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 12, 2020
Columbia, South Carolina