# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| John Abney, | ) | |
| | ) | |
| | ) | Civil Action No.: 1:19-cv-02751-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Andrew M. Saul, Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on August 6, 2020. (ECF No. 19.) The Report addresses Plaintiff John Abney's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 49.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-33.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (ECF No. 11-2 at 22-23.) Although the ALJ found Plaintiff had the severe impairments of degenerative disc disease and cubital tunnel syndrome (*Id.* at 18),

the ALJ nonetheless concluded Plaintiff had the residual functional capacity ("RFC") to perform light work (*Id.* at 19).

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on September 26, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded because the ALJ failed to identify severe impairments related to Plaintiff's hips, knees, ankles, and feet. (ECF No. 19 at 49.) Specifically, the Magistrate Judge found that "[t]he record contain[ed] sufficient evidence to establish degenerative disease of the bilateral ankles as a severe impairment." (*Id.* at 36.) The Magistrate Judge likewise observed the record held "sufficient evidence" of severe impairments related to Plaintiff's: bilateral knees based on degenerative changes; hips based on bilateral hip arthritis, pain, and decreased strength; and feet based on degenerative changes and deformities. (*Id.* at 38-39.) Thereafter, the Magistrate Judge found the ALJ's failure to identify such severe impairments was not harmless. (*Id.* at 48-49.)

Turning to the RFC formulation, the Magistrate Judge explained the ALJ improperly "paid cursory attention to Plaintiff's statements, statements from his medical sources, his ADLs treatment, and other methods he used to reduce symptoms, and the location, duration, frequency, and intensity of his pain and other symptoms." (*Id.* at 46-47.) As a consequence, the Magistrate Judge found the ALJ "failed to explain how the evidence supported the RFC," and instead stressed

the ALJ's "explanation for his RFC assessment misstates, neglects, and fails to reconcile relevant evidence." (*Id.* at 48-49.)

On August 6, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (ECF No. 19.) On August 19, 2020, the Commissioner informed the court he would not offer objections. (ECF No. 20.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

3

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 19 at 33-50.) The Commissioner notified the court he will not file objections (ECF No. 20) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

August 28, 2020
Columbia, South Carolina